An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM EDWARD FRENCH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62812

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on February 1, 2013, more than 10 years after issuance of the remittitur on direct appeal on October 8, 2002. *French v. State*, Docket No. 38249 (Order of Affirmance, September 10, 2002). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS 34.810(1)(b)(2); NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*French v. State*, Docket No. 42021 (Order of Affirmance, April 29, 2004); *French v. State*, Docket No. 58095 (Order of Affirmance, September 14, 2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30715

34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

First, appellant claimed he had good cause pursuant to *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), because counsel was ineffective in advising him to reject a plea offer from the State. Appellant's good cause argument was without merit because this claim of ineffective assistance of counsel was always available to be raised and appellant failed to demonstrate why he waited more than 10 years to raise it. Further, because his case was final when *Lafler* and *Frye* were decided, he failed to demonstrate that the cases would apply retroactively to him. Even if *Lafler* and *Frye* announced new rules of constitutional law, he failed to allege facts that meet either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002). Therefore, the district court did not err in denying this claim.

Next, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the

failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition. Therefore, the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Michelle Leavitt, District Judge
      William Edward French
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk